## JOHN F. WALSH & CO., Inc., v. KURZ-KASCH CO.

(District Court, E. D. New York. March 26, 1925.)

**1. Pleading ⬅319(2)—No right to bill of particulars as to claimed nonperformance of contract where plaintiff alleges performance.**

Where plaintiff in an action on a contract alleges performance, it is not entitled to a bill of particulars of a denial of such performance in the answer, specifying in what respect it failed to perform.

**2. Pleading ⬅319—Plaintiff held entitled to bill of particulars as to acts of misconduct.**

Where an answer pleads a counterclaim based on alleged misconduct of plaintiff as agent, plaintiff is entitled to a bill of particulars specifying what acts are relied on as constituting misconduct.

**3. Pleading ⬅319—Defendant, pleading counterclaim, must furnish bill of particulars as to items.**

Where a defendant pleads a counterclaim for damages, it may be required to furnish a bill of particulars of the items of damage claimed.

At Law. Action by John F. Walsh & Co., Inc., against the Kurz-Kasch Company. On motion by plaintiff for bill of particulars

of defendant's counterclaim. Granted in part.

Delaney & Cizmowski, of Brooklyn, N. Y., for plaintiff.

J. Wentworth Perkins, of New York City, for defendant.

GARVIN, District Judge. This is a motion by the plaintiff for a bill of particulars of defendant's counterclaim. The suit is brought upon two causes of action, to recover a sum due plaintiff for commissions upon the sale of merchandise. The defendant, by way of counterclaim, alleges that the plaintiff did not represent the defendant exclusively, but that in violation of its duty to defendant under the contract the plaintiff sold and solicited orders for others than the defendant.

Two counterclaims are contained in defendant's answer, one to each of plaintiff's causes of action. Plaintiff's demands for particulars are 40 in number, but are duplicated, and are actually 20 upon each counterclaim. The first four demands read as follows:

(1) In what respect plaintiff failed to perform its duty as such employee, in violation of its agreement with the defendant, as alleged in paragraph thirteenth of the amended answer.

(2) The time, place, and manner in which the plaintiff failed to perform its duty as such employee, in violation of its agreement with the defendant, as alleged in paragraph thirteenth of the amended answer.

(3) In what respect plaintiff failed to carry out the terms of its agreement, as alleged in paragraph thirteenth of the amended answer.

(4) The time, place, and manner in which the plaintiff failed to carry out the terms of its agreement, as alleged in paragraph thirteenth of the amended answer.

The thirteenth paragraph of defendant's amended answer reads as follows:

"That the plaintiff failed to perform its duty to the defendant as such employee, and failed to carry out the terms of its agreement, in that the plaintiff did not sell within the territory aforesaid only moulded Bakelite parts manufactured by the defendant, but, on the contrary, plaintiff, within the territory aforesaid, in violation of its duty to the defendant, sold and/or solicited orders for said moulded Bakelite parts manufactured by others than the defendant herein, for plaintiff's own account and for the account and benefit of other parties, and not for the account or benefit of the defendant."

[1] It would seem that the amended answer furnishes the particulars required by the foregoing four demands. However that may be, these demands are based upon general allegations by defendant that plaintiff has failed to perform conditions of the contract which it was bound to perform by the terms thereof. Plaintiff has pleaded due performance of all the conditions which it was bound to perform, and must prove the same if denial thereof is made by defendant. Defendant is not required to furnish these particulars, which plaintiff seeks.

[2] While it is true that demands 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 17 refer to conduct of the plaintiff, and it is presumed that plaintiff knows its own acts, nevertheless it does not follow that plaintiff can have any means of knowing upon which of its acts defendant predicates its charge of misconduct. It may be that defendant will not be able to furnish at this time all the information upon which it will rely at the trial, unless plaintiff feels justified in offering free access to plaintiff's books. But I think the defendant must give the best information it can with respect to the last-mentioned demands.

Demands numbered 16, 18, and 19 are subject to the same rules as demands numbered 1 to 4, inclusive. Defendant need not furnish particulars concerning them.

[3] Defendant must furnish the items of the damage which it claims to have sustained, as required by demand numbered 20.

The court understands that demands numbered 21 to 40, inclusive, are similar to the first 20, except that they refer to the other counterclaim. They will be disposed of in the manner above indicated.

Except as indicated, the motion is denied. Settle order on notice.